**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| DAVID LAFOND, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-00434- |
| | § | ALM-AGD |
| DENTON COUNTY, et al., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On May 12, 2023, *pro se* Plaintiff David LaFond, Sr. filed a Complaint in the United States

District Court for the Eastern District of Texas against Defendants Denton County, Throckmorton

County, Denton County Jail, Denton County Sheriffs, Throckmorton Sheriffs Department, Scot

Campbell, Kimberly Hollar, Corinth Municipal P.D., Captain Mike Tutt, United States Border

Patrol, Christopher Larkins, James Wiggington, Byron Gray, Marie Johnson, Tim Powers, Jason

Niehaus, Mike Lewis, James Crow, Jennifer Allen, Josh Gunderson, Chris Tepfer, Jesus Gonzales,

Graham Quattle Baun, Christopher Bill, Arthur Rider, James Alford, James Oneill, Department of

Justice, and Sergeant Sam Kading (Dkt. #1).

On January 11, 2024, the court granted Plaintiff's Motion to Proceed *in forma pauperis*

(Dkt. #2) and ordered Plaintiff to file an Amended Complaint (Dkt. #5). The court identified the

deficiencies in Plaintiff's Complaint and Ordered Plaintiff to file an Amended Complaint that

> stat[es] clearly the legal basis and factual allegations in support of the claim(s)
> against each Defendant, the relief sought, as well as state[s] the basis for the court's
> venue, with supporting facts (for example, that this is a judicial district in which
> any defendant resides or in which a substantial part of the events or omissions
> giving rise to the claim occurred).

REPORT AND RECOMMENDATION – Page 1

(Dkt. #5 at p. 2). The court also admonished Plaintiff that "[f]ailure to comply with this Order may result in a recommendation of dismissal of this cause." (Dkt. #1 at p. 4) (underline in original).

Plaintiff received the court's Order on January 17, 2024 (Dkt. #6). On February 9, 2024, rather than amend his Complaint as ordered, Plaintiff filed three motions making numerous requests (Dkt. #7; Dkt. #8; Dkt. #9). Then, On March 1, 2024, Plaintiff filed two more motions making additional requests (Dkt. #10; Dkt. #11). To date, summons has not issued as to any Defendant because Plaintiff has failed to file an Amended Complaint as ordered.[1]

A district court may dismiss an action for failure to prosecute or to comply with any court order. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); *see also* FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court abused its discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979) (citation omitted); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (citation omitted). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (citation omitted).

As discussed above, Plaintiff has failed to comply with the court's Order. Accordingly, the present case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to comply with court orders. FED. R. CIV. P. 41(b); s*ee Isom v. Indio Mgmt. at the Everly*, No. 4:20-CV-947-SDJ-CAN, 2021 WL 5501786, at *2 (E.D. Tex. Oct. 20, 2021) ("The court

---

[1] On March 1, 2024, Plaintiff filed a document titled "Jurisdiction & Venue" (Dkt. #12). However, this document does not comport with the requirements of the court's January 11, 2024, Order.

REPORT AND RECOMMENDATION – Page 2

recommends the instant suit be dismissed under Rule 41(b) for failure to comply with court Orders and to diligently prosecute."), *report and recommendation adopted*, No.4:20-CV-947-SDJ, 2021 WL 5493377 (E.D. Tex. Nov. 23, 2021).

### RECOMMENDATION

For the foregoing reasons, the court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 29th day of August, 2024.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION – Page 3